FRANCISCO COLÓN CABALLERO, Petitioner, *v.* DISTRICT COURT OF
SAN JUAN, Respondent.

No. 51.   Argued January 12, 1931.—Decided February 17, 1931.
Rehearing denied March 6, 1931.

*Arturo Aponte* and *R. García Cintrón* for petitioner.   *R. Buscaglia*
for plaintiff in the main suit.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was an action to recover a debt.   To secure the
effectiveness of the judgment, real estate was attached, but
more particularly cattle belonging to the defendant were
likewise seized (*incautado*).   After a considerable delay the
plaintiff asked that the cattle be sold on the ground that the
cost of the maintenance would be seventy dollars a month
and perhaps other matters involving costs.   The District
Court of San Juan ordered the sale.   The sale of the cattle
was set for a particular day when the petitioner Francisco
Colón Caballero applied for a writ of prohibition in this court
and a writ was issued ordering, among other things, the
suspension of the sale.

Not without some reason the respondent alleges that cer-
tiorari would be a better remedy and cites jurisprudence to
the effect that when certiorari lies a writ of prohibition
should not.   However, if the court had no power or authority
to sell the goods *pendente lite,* the matter involved was clearly

one of jurisdiction and the writ would lie *per se.* The policy of this court, where all the facts were before it would be to proceed under either extraordinary writ, and if all the facts were not before it to issue a supplemental writ of certiorari, following the indication of the Supreme Court of the United States in *Ex parte Lange,* 18 Wall, 163. We shall discuss the matter of jurisdiction no further, because we are convinced that the writ should be quashed on other grounds.

The petitioner said that other property was attached, but the respondent answers this sufficiently by alleging that the judgment in reality could only be made or secured by reason of the attachment of the cattle, inasmuch as the other property was mortgaged and would produce no tangible results.

The petitioner alleged also that the only authority for the sale of property attached was under section 10 of the Act to secure the effectiveness of judgments when the said property was "fungible." The English text of the statute is "perishable." Necessarily, if the cattle can not be considered to be either "fungible" or "perishable," section 10, *supra,* has no application. We incline to the view that the Spanish text must prevail, but if the English text should prevail, there is considerable doubt whether the word "perishable" would apply to cattle.

The respondent bases its opposition on more substantial grounds. It maintains that the power to order a sale under the conditions expressed is inherent in the courts, and we agree. A court has, or ought to have, the power, when property is in its possession, to preserve the *status quo* in order that the attachment should not result illusory or the plaintiff suffer a diminished return.

The respondent then placed reliance on section 36 of the Code of Civil Procedure. Jurisdiction to attach the cattle was given by virtue of the Act for the effectiveness of judgments, and it would follow that the "means necessary to carry it into effect" are also given. For a not totally different

construction of the word "necessary," see the case of *McCulloch* v. *Maryland*, 4 Wheat. 315.

Also the respondent draws our attention to letter (*h*) of section 2 of the Act to secure the effectiveness of judgments. This act is entitled "An Act to secure the effectiveness of judgments." The first section thereof provides:

"Every person who shall bring an action for the fulfillment of any obligation, may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the judgment as the case may require it, should it be rendered in his favor."

Section 2, under (*a*), (*b*), (*c*), (*d*), and (*g*), gives various rules for what may be done under specified causes of action, and then comes letter (*h*), which provides as follows:

"With respect to cases not provided for in the preceding rules, the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment."

The argument is, following a suggestion of *noscitur a sociis*, that said letter (*h*) only applies to different causes of action or the levy to be made, and has no application to the powers of the court once the property is attached.

It should be remembered that the act is one to secure the effectiveness of judgments. The words used under letter (*h*) are very general and we think give power to the court to do whatever is necessary to secure the effectiveness of a judgment after property is attached; in other words, that letter (*h*) was a full draft of power given by the Legislature to protect a plaintiff in the effectiveness of his judgment.

Whether our conclusion about the application of letter (*h*) is correct or not, the inherent powers of the court would justify the sale of the cattle in this particular case.

The writ of prohibition should be quashed.

Mr. Justice Hutchison dissented. Mr. Justice Aldrey concurs in the judgment.

ON MOTION FOR REHEARING

MR. JUSTICE WOLF delivered the opinion of the Court.

This is a case where the District Court of San Juan acquired jurisdiction of cattle by reason of the lien of the attachment. The idea of our original opinion was that the various sections cited justified the court in the protection of the lien already acquired, in order that this should not be a diminishing or disappearing quantity. We desire to emphasize the fact that this power rests in the sound discretion of the court and should only be exercised in a proper case.

The petitioner in his motion for reconsideration draws a picture of the ills that may accrue if all the courts were allowed to dispose of cattle as in the instant case. If evils are to be compared, we see greater danger in the disappearance of the protection afforded by the lien than in the fact that the property may be sold by anticipation of the execution. Going perhaps a little further than is necessary, we must say that it must be an exceedingly rare case in which a defendant may not avoid all these supposed evils by giving a bond.

The motion should be denied.

Mr. Justice Hutchison dissented.